NO. 7974.

**7974** STATE OF LOUISIANA

MRS. ANTOINETTE GARDINER
SCIBETTA, & HUSBAND     COURT OF APPEAL

     VS

JOSEPH MARCIANTE.     PARISH OF ORLEANS.

**7974**

St, Paul, Judge.

On February 18th 1919 plaintiffs purchased from one Villa certain premises, same being then subject to lease by defendant, expiring July 25th 1919 but carrying privilege of renewal for three years. Which premises have been leased and occupied by defendant for many years as a grocery store and residence; and are just across the street from premises which plaintiffs have also long occupied as a grocery and residence.

On the premises occupied by defendant was a stable or shed in which defendant had at first kept a horse-drawn delivery wagon and afterwards a motor-driven delivery wagon; all with the full knowledge and consent of Villa, his landlord; and likewise to the knowledge of plaintiffs who succeeded to Villa's rights under the##### lease. Also, under the same circumstances and with the same publicity, defendant had for a while permitted a friend to house therein (without charge) an automobile, for a few hours daily whilst he was busy in a neighboring market.

Five weeks, day for day, after their purchase, and without the least warning to defendant, plaintiffs filed this suit to annul the lease on the ground that the tenant had violated the terms thereof, I. By using the premises for a purpose not intended, towit, as a (public) garage, and

2. By keeping on the premises an automobile, thereby increasing the rate of plaintiffs insurance.

## I.

The ground first stated is of course so clearly untenable, that it was not even mentioned in brief or argument. We will notice it no further, confining ourselves to the second ground only.

## II.

We pass lightly over one very likely answer to this second ground; viz, that as defendant kept an automobile in the premises with the full knowledge and consent of Villa, it follpws that it was intended in the lease that he should have the right to do so; for the manner in which a contract has been executed by one party with the express or implied consent of the other, furnishes a good rule for ascertaining their common intent and hence their mutual rights thereunder, C. C. 1956. Hence Villa himself could not have been heard to complain that defendant's act increased the rate of his insurance; since as to Villa, defendant had a right to keep the automobile on the premises, and Villa should himself have paid the 'rate of insurance applicable under the circumstances. But granting, perhaps, that plaintiffs might not be bound by this, because it was not a matter of record; nevertheless it evidences that defendant was fully under the belief that his right to keep

an automobile was an acknowledged one; and 'thus to say the least, plaintiffs should have notified him to the contrary before resorting to the harsh remedy which they now seek to enforce.

### III.

But the fact is that plaintiffs have no right to that harsh remedy under the circumstances of this case. It may be conceded that when a tenant knowingly and wilfully violates an obligation of his lease not to put anything into the premises whereby the insurance is firfeited, he may be expelled. And this is all that was decided in Mc Neil vs Knapp, 18 An 701. For although it does not appear from the report of the case that defendants actually knew that by their act the insurance would be forfeited; nevertheless such must have been the fact, unless we assumed that our own jurisprudence is out of harmony not only with that of other states but even with natural equity itself.

But such is not the case; in this state, as every where else, forfeitures are not encouraged by the courts, and will be enforced only when the right thereto is clear beyond a doubt both of law and fact.

Lawrence vs Penn Mut Insc Co, 113 La 87 (92)
Fitzpatrick vs Mutual Aid Insce Co, 25 An 443
Evans vs Grand Temple, 11 Orleans App ### 5?
Morales vs Regnerde, 8 Orleans App 253.

388

Now the universal jurisprudence throughout this country is, that where a contract is breached by accident or mistake a forfeiture will not be enforced on that account, especially where compensation in money would afford full and adequate relief to the party complaining.

And here we may observe that if defendant reimburses plaintiffs the extra premium which they paid, and which we understand he would long since have reimbursed had he been allowed to do do; then plaintiffs would be fully and adequately compensated.

## IV.

The general rule, based upon ample authority is thus stated in the note to Smith vs Mariner, 68 American Decisions 73 (85),

"Forfeitures are not favored; and courts lean

strongly in favor of granting relief from such a harsh measure for the termination of contracts x x x, (This is almost always the case where the breach of contract is appreciable in money); and again "In many cases a defaulting party will be entitled to relief against forfeiture by reason of special circumstances, where relief would not otherwise be granted. Thus (even) though an agreement is not measurable by pecuniary compensation, yet if a party is prevented from performance and incurs a forfeiture by reason of surprise, ignorance not wilful, unavoidable accident or fraud, equity will interpose to relieve him upon his making compensation or other equitable reparation as the case may require."

389

In Mactier vs Osborn, 146 Mass 399 (15 N. E. Rep 641)
the lessee had agreed to insure in a certain manner, and
the lease contained the usual clauses of forfeiture for
breach of any covenant thereof without notice or demand.
The lessee inadvertently insured in a manner different
from that agreed upon. And the court held;

> "The result of the authorities, supported by sound
> principle is, that x x x where there has been a
> breach of covenant to perform some collateral duty,
> such as to repair or insure, which has been caused
> by accident or mistake, equity will relieve, if
> the lessor can by compensation or otherwise, be
> placed in the same condition as if the breach had
> not occurred."

The doctrine of this case was reaffirmed in Lundin
vs Schoeffel, 167 Mass 165 (45 N. E. Rep 933) where the
breach was active, though slight, but had occurred by
mistake and hot wilfully.

The judgment appealed from is therefore reversed,
and plaintiffs demand is now rejected at their cost in
both courts; reserving their right to claim and recover of
defendant the extra insurance premium paid by them,

Judgment Reversed,